UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN B. ODOMS, | ) | |
| | ) | |
| Petitioner, | ) | 2: 10-cv-01236 -RLH-LRL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVEN, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed *in forma pauperis*. (ECF Nos.1 and 5) and an amended petition (ECF No. 4). Based on the information about petitioner's financial status, including any additional information that may have provided, the court finds that the motion to proceed *in forma pauperis* should be granted.

In his petition, petitioner challenges a criminal conviction entered February 20, 1986. Petitioner states that he previously filed a federal habeas corpus petition in this court challenging that conviction and identifies the earlier petition as case number 92-169 ECR. The court therefore finds that the present petition is a second or successive petition challenging the same conviction.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

1  Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
2  enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.
3  1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard*
4  *v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997),
5  *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding
6  AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after
7  the enactment of the AEDPA, thus it is governed by its provisions.

8  Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second
9  or successive petition must obtain from the appropriate court of appeals an order authorizing the
10 district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides
11 that a claim presented in a second or successive habeas corpus application under section 2254 that
12 was not presented in a prior application shall be dismissed unless--

13  (A) the applicant shows that the claim relies on a new rule of constitutional law made
    retroactive to cases on collateral review by the Supreme Court, that was previously
14  unavailable; or

15  (B)(I) the factual predicate for the claim could not have been discovered
    previously through the exercise of due diligence; and
16

17  (ii) the facts underling the claim, if proven and viewed in the light of the
    evidence as a whole, would be sufficient to establish by clear and
    convincing evidence that, but for constitutional error, no reasonable
18  fact finder would have found the applicant guilty of the underlying
    offense.
19

20 28 U.S.C. § 2244(b)(2)(A)-(B). Petitioner has not provided this court with a copy of an order from
21 the Court of Appeals from the Ninth Circuit authorizing this second or successive petition. The
22 petition will therefore be dismissed as unauthorized.

23  **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis*
24 (ECF Nos. 1 and 5) are **GRANTED**.

25  **IT IS FURTHER ORDERED** that this amended petition for writ of habeas corpus is
26 **DISMISSED** without prejudice as an unauthorized second or successive petition. This dismissal is

without prejudice to petitioner's right to return to this court should he receive the required authorization from the Court of Appeals for the Ninth Circuit.

DATED this  25th  day of         January        , 2011.

*Roger L. Hunt*
UNITED STATES DISTRICT JUDGE

3